```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────────────

**WILLIAM FIGUEROA,**

               Petitioner,         20cv3013 (JGK)

    - against -                    ORDER

**KEYSER,**

               Respondent.

─────────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The Court has received the petitioner's May 15, 2020 letter, a copy of which is attached. The Court has also received a reply from the respondent dated May 22, 2020. The respondent should respond on the merits to the petitioner's request for relief based on the COVID-19 pandemic by June 5, 2020. The petitioner should reply by June 15, 2020. Chambers will mail a copy of this order to the pro se petitioner.

**SO ORDERED.**

Dated:    New York, New York
            May 26, 2020               /s/ John G. Koeltl
                                               John G. Koeltl
                                      United States District Judge

```
William Figueroa-91-A-2142
Sullivan Correctional Facility
         P.O. Box 116
      Fallsburg, NY 12733
```

Dated: May 15, 2020

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Figueroa v. Keyser, 20-CV-3013(JGK)(RWL)

Dear Judge Koeltl:

    PLEASE TAKE NOTICE, I, William Figueroa, (Pro-Se) duly sworn in-accord with Title 28 U.S.C. §1746, I declare the foregoing to be true, accurate and correct, drafted and signed by my hand, on 15 day of May, 2020, as submitted and served a copy upon the respondent.

    1. Wherein I respond and rebut the respondent's erroneous assertion's dated May 6, 2020, opposing petitioner's 28 U.S.C. §2254, application where respondent contend's this Court should dismiss the petition base on petitioner's filing of substantially identical petition in the Eastern District of New York, asserting erroneously on May 6, Judge Garaufis dismissed the duplicated petition and construed petitioner's request for release due to the (COVID-19) pandemic as a second or successive petition and concluded in the alternative that, even if the court had jurisdiction over the request, it would "lack jurisdiction to grant the requested relief, which is properly sought in the courts of the State of New York in the first instance." Figueroa v. Walsh, 2020 WL 2198124 n1 (EDNY May 6, 2020). Judge Garaufis' order provides additional grounds for dismissing the instant petition. Because Judge Garaufis has already addressed the same claims, this court should not do so again,. ..etc

    2. Thus, petitioner; avers is all a bunch of frivolous/frijoles due to the simple fact, a review of Judge Garaufis's (memorandum and order) clearly substantiates petitioner; originally filed a Rule 60(b)(6) motion, on Feb 28, 2019 and a motion to compel, all under petitioner's prior §2254, habeas application, therein filed a motion for release due to the (COVID-19) pandemic; in brief, petitioner sought leave to re-open his §2254-with Rule (60). In light of the second circuit's decision in Fernandez v. Capra, 916 F.3d 215 (2d Cir. 2019).

    3. For certain withheld discovery/Brady materials and in the mist the (COVID-19) pandemic, rock the notion. . .and thus, petitioner being has maintained his innocence's for 32 years, in collateral proceedings, exercising due diligences substantiated

-1-

William Figueroa-91-A-2142
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733

Dated: May 15, 2020

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Figueroa v. Keyser, 20-CV-3013(JGK)(RWL)

Dear Judge Koeltl:

    PLEASE TAKE NOTICE, I, William Figueroa, (Pro-Se) duly sworn in-accord with Title 28 U.S.C. §1746, I declare the foregoing to be true, accurate and correct, drafted and signed by my hand, on 15 day of May, 2020, as submitted and served a copy upon the respondent.

    1. Wherein I respond and rebut the respondent's erroneous assertion's dated May 6, 2020, opposing petitioner's 28 U.S.C. §2254, application where respondent contend's this Court should dismiss the petition base on petitioner's filing of substantially identical petition in the Eastern District of New York, asserting erroneously on May 6, Judge Garaufis dismissed the duplicated petition and construed petitioner's request for release due to the (COVID-19) pandemic as a second or successive petition and concluded in the alternative that, even if the court had jurisdiction over the request, it would "lack jurisdiction to grant the requested relief, which is properly sought in the courts of the State of New York in the first instance." Figueroa v. Walsh, 2020 WL 2198124 n1 (EDNY May 6, 2020). Judge Garaufis' order provides additional grounds for dismissing the instant petition. Because Judge Garaufis has already addressed the same claims, this court should not do so again,. ..etc

    2. Thus, petitioner; avers is all a bunch of frivolous/frijoles due to the simple fact, a review of Judge Garaufis's (memorandum and order) clearly substantiates petitioner; originally filed a Rule 60(b)(6) motion, on Feb 28, 2019 and a motion to compel, all under petitioner's prior §2254, habeas application, therein filed a motion for release due to the (COVID-19) pandemic; in brief, petitioner sought leave to re-open his §2254-with Rule (60). In light of the second circuit's decision in Fernandez v. Capra, 916 F.3d 215 (2d Cir. 2019).

    3. For certain withheld discovery/Brady materials and in the mist the (COVID-19) pandemic, rock the notion. . .and thus, petitioner being has maintained his innocence's for 32 years, in collateral proceedings, exercising due diligences substantiated

-1-

such within said Rule 60(b) and the moved for (COVID-19) relief.
· ·granted Honorable Garaufis, lacks jurisdiction, if that application was a successive habeas petition, "it was not," it was simply a Rule 60(b) motion. However; based upon a careful review of said (memorandum and order) it appears Judge Garaufis; is rejecting judicial bias/prejudice, because if said application "was successive,: it should have been forwarded to the Second Circuit, not denied.! (Quoting") Honorable Jack B. Weinstein, Senior, U.S.D.J., in Garcia v. Herbert, 2018 WL 6272778, at *p-2. "It is the duty of very judge and every court to examine it's own decisions, and the decisions of other courts without fear, and to revise them without reluctance." Baker v. Lorilard, 4 NY 251, 261 (1850).

4. Moreover, the respondent; babble's on to assert that due to Honorable Garaufis, having already addressed the same claims, this court should not do so again, relating others case's to be identical that are not! Petitioner's extraordinary circumstances, of being vulnerable to contracting (COVID-19) presents unique circumstances, beside the strong merits of petitioners actual evidence of innocence, "Garaufis just erroneously denied.

5. Thus, base upon the extraordinary emergency circumstances of (COVID-19) being meritorious, the novel coronavirus has rampased across the globe and spreading across american prisons, namely now Sulliva C.F., where the petitioner is housed, where the facts and dicta are closely related to the victim's in Kevin M. A. v. Decker, 2020 WL 2092791 (D. New Jersey, 2020) and Thakker v. Doll, 2020 WL 1671563 (M.D. Pa 2020), and immediately release petitioner before it's to late and he contract's the "Virus," as this court has proper jurisdiction and pursuant to the dicta opinion and authorities cited in Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001). This federal court has inherent authority over individuals properly within their jurisdiction, including habeas petitioners, absent a clear direction from congress, federal judicial power is unlatered, Mapp v. Reno.

6. Moreover, any exhaustional issue's should be applied an exception, due to this killer virus and not time for administrative delay/shenanigan's (DOCCS) play's in the wake of (COVID-19)...Thus, petitioner request that Your Honor apply on of the (3) exception Quoted in Mcpherson v. Lamont, 2020 WL 2198279, and this, grant (COVID-19) relief in the interest of justice, life and death

7. Finnaly, on May 13, 2020, Sullivan Correctional Facility tested five inmates from B-north in which all five inmates tested positive for COVID-19. As of May 13, the confirmed number of prisoner who have tested positive for COVID-19 has risen to twelve.

## CONLUSION

Wherefore, I pray Your Honor, your respectfully consider the rapid spread of convid-19, and petitioner due process of liberty interest and grant emergency release. Thank you for your consideration in this matter. It is so prayed.

Sincerely,

William Figueroa

cc: Matthew Keller, Esq.,
    Assistant Attorney General
    28 Liberty Street
    New York, NY 10005

    File

**SULLIVAN CORRECTIONAL FACILITY**
P.O. BOX 116
FALLSBURG, NEW YORK 12733-0116

NAME: William Figueroa     DIN: 91-A-2142

Legal Mail

NEOPOST
05/19/2020
US POSTAGE $000.55⁰
ZIP 12733
041M11286636

SULLIVAN CORRECTIONAL FACILITY

To: Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007