UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM FIGUEROA,

           Petitioner,

- against -

KEYSER,

           Respondent.

20-cv-3013 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached letter from the petitioner. The petitioner apparently seeks to have this Court intervene in a state court proceeding. The petitioner has a petition for habeas corpus pending in this Court. The petition has been stayed pending the exhaustion of state court remedies. The petitioner must exhaust his state court remedies before seeking relief from this Court. The Court will mail a copy of this Order to the petitioner.

SO ORDERED.

Dated: New York, New York
       May 28, 2021

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-21

Mr. William Figueroa-91-A-2142
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, New York

May 24, 2021

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United State Courthouse
500 Pearl Street
New York, New York 10007

Re: Figueroa v. Keyser, No. 20 Civ. 3013 (JGK) (RWL)

Dear Hon. Koeltl:

I am writing to request that this Honorable Court intervene on my behalf in regard to a failure of disclosure by the Kings County District Attorney's Office. On June 5th, 1990, there was a discussion between Hon. Justice Michael L. Pesce and the trial prosecutor, Marianne Crosley's Esq., concerning pretrial disclosure of a copy of conference pre-trial transcripts. Thereafter, these conference pre-trial transcripts were ordered sealed by Hon. Justice Michael L. Pesce. Nevertheless, the discussion between Hon. Pesce, ADA Crosley was about non-disclosed DD-5 reports numbered 176 and 197, in my case, with which to reveal known exculpatory evidence which otherwise might be overlooked by the Court. Neither my trial counsel nor I was aware of; nor waived the right to be present at these discussions.



# POINT ONE

## UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSURE TO THE PETITIONER EVIDENCE FAVORABLE TO THE PETITIONER

### A. Prosecutors Cannot Decided What Evidence May Be helpful to the Defense.

This is not as complicated case and illustrates how prosecutors routinely misconstrue their Brady obligations. The Court has jurisdiction to entertain this application as it is independent of the statute of limitations under 28 U.S.C. §2244(d)(2).[1] The key particulars of the evidence here in question is stated in the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), which compels the government to confirm the Government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, ensures the government discloses to the defense all information "favorable to an accused" that is "material either to guilt or punishment" and known to the government. Id. at 87.

The government has a moral and legal obligation to disclose impeachable and exculpatory deficiencies in its prosecution, among others, when such is not founded on probable cause because critical evidence, which was or should have been transferred to counsel for the accused under Brady v. Maryland, 373 US 83 (1963), and was, in any event widely known, proving decisively that there was third-party culpability,[2] that had been either abandoned or never explored by the defense counsel due to the Government's withholding, interfering with the reliability of the declarant's statement being demonstrated as "supportive evidence [that]'establishes a reasonable

---

[1] Therefore, subsection (D) may be applicable. See McQuiggin v. Perkins, 569 U.S. 383, 388-89 (2013) (stating that if the petition alleges newly discovered evidence, the filing deadline is calculated based on §2244(d)(1)(D)).

[2] Moreover, in People v. DiPippo, 82 A.D.2d 786 (2nd Dept. 2011), the Second Department vacating conviction on fourth §440.10 motion, where defendant showed substantial evidence of third-party culpability, which not presented by trial counsel. Surely it should do so here, notwithstanding any permissive bar, which may exist.

2

possibility that the statement might be true" [See: People v. DiPippo, 27 N.Y.3d 127, 137-38 (2016)(Citing People v. Bell, 2021 WL 865420 (Sup. Co. Queens County, 2021) (Evidence that other individuals may be responsible for the crimes for which an accused stand charged is favorable to his defense, for purpose of the People's disclosure obligations under Brady)].[3]

In this case, seven days after the crime was committed, a witness, Eddie Garcia identified Manuel Rivera as the shooter. Subsequently, during a police interview conducted by Police Officer Rosario, Eddie Garcia stated again, Manuel Rivera shot and killed Maria Hernandez. However, the Eddie Garcia information was suppressed, and I became the attention of the police investigation. It is unknown how became I became the target of the police investigation. Manuel Rivera were never approached or interrogated by investigators. The evidence in question was never considered by the jury at trial or the presenting judge at sentencing during the proceedings before this Court. It remains obscured behind a façade of false confession, and false framing of issues in this case.[4]

Consequently, I was arrested along with my codefendant, tried and convicted for a crime in which evidence was withheld. Eventually Two DD-5 reports were provided to me in 2018, when I submitted a pro se 440.10 motion. Actually, they were in the D.A.'s opposing papers. The two DD-5 reports numbered 160 and 202 related to Eddie Garcia, and were never given to the defense, during trial. While DD-5 reports 160 and 202 was included in the D.A.'s opposing papers, it is

---

[3] The recent decision People v. DiPippo, 27 N.Y.3d at 137, the Court of Appeals has revisited the 'wrong person' defense in which a defendant offers evidence that a third party committed the crime. Stressing that the quality of proof of third-party culpability can vary depending on the nature of a case, the court held that, under certain circumstances, an offer of proof can consist of hearsay evidence with understanding that the defendant will be prepared at a trial to present the evidence in admissible form. In addition, the court held that the standard of admissibility for evidence of third-party guilt does not infringe upon a defendant's constitutional right to present a complete defense [See People v. Krivak, 168 A.D.3d 979 (2nd Dept. 2019) (defendant is entitled to a hearing on a motion to vacate a conviction) (quoting People v. Jones, 24 N.Y.3d 623, 634(2014)].

[4] (See People v. Bedessie, 19 N.Y.3d 147, 156 [2012] ["[t]hat the phenomenon of false confessions is genuine has moved from the realm of starting hypothesis into that of common knowledge, if not conventional wisdom"]).

DD-5 reports 176 & 197 that I am asking the Honorable Court to intervene on my behalf and order the Kings County District Attorney's Office to turn over. As DD-5 reports 160 and 202 revealed, an eyewitness, Eddie Garcia identified the shooter. However, these DD-5 reports were never turned over to defense counsel, to investigate for purposes of finding the real shooter. And for the same reason I ask the Honorable Court to have DD-5 reports 176 and 197 turned over.

The question is whether the trial Court's decision was tainted by legal error or misunderstanding. In fact, the petitioner recently discovered through one of his co-defendant's prior motions, that the prosecution has continuously withheld DD-5's (176 and 197). And that is the reason why trial counsel cannot point to a written document that was withheld. Upon further, review defendant learned of the existence of DD-5's (176 and 197), and that Santiago's counsel "*complained*" on the record that these documents were never disclosed. Upon further review of his own papers, defendant discovered for the first time that he also **did not receive DD-5's Numbered 176 and 197** In their response, the People are clearly being disingenuous when it claimed that Santiago received these DD-5's on May 17, 1990, but as noted below in support of his claim that the People, never disclosed DD-5's Numbered (176 and 197), the People readily and without hesitation supplied defendant and this Court with copies of DD-5's Numbered (160 and 202) in its opposition however, again denying or delaying to disclose DD-5's (176 and 197).

It is obvious that the People are still attempting to withheld and deny DD-5's (176 and 197), **Brady** material from defendant still today. Moreover, this is the defendant's one of many issues in his request to this court to grant an evidentiary hearing in good faith. These are continuing obligation that apply to materials that become known to the People, even after trial, and even if the People does not credit them. The suppression of favorable information violates a defendant's right to due process irrespective of prosecutor's good or bad faith and may setting aside a

conviction.

Wherefore, I respectfully ask the Court to intervene in this matter by ordering to the Kings County District Attorney's Office to turn over DD-5 reports 176 and 197.

Yours truly,

William Figueroa

CC: Mr. Mathew Keller
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6072