**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM FIGUEROA,**

                              **Petitioner,**           **20-cv-3013 (JGK)**

              **- against -**                            **MEMORANDUM OPINION &**
                                                         **ORDER**

**KEYSER,**

                              **Respondent.**
_____

**JOHN G. KOELTL, District Judge:**

     On April 13, 2020, William Figueroa ("the petitioner")
filed a pro se petition for a writ of habeas corpus (the
"Petition"), pursuant to 28 U.S.C. § 2254, seeking release from
custody due to the COVID-19 pandemic. The petitioner is serving
his sentence at the Sullivan Correctional Facility in Fallsburg,
New York, for second-degree murder, first-degree reckless
endangerment, and two counts each of second-degree criminal
possession of a weapon and third-degree criminal possession of a
weapon. He is not eligible for parole until 2038. The petitioner
is sixty years old and represents that he suffers from, among
other conditions, asthma, "hepatitis-related complications," and
psoriasis, which he contends place him at high risk for
complications if he contracted COVID-19. The petitioner argues
that his conditions of confinement, which he says may expose him
to COVID-19, violate the Eighth Amendment and justify his
immediate release from custody.

Respondent, the Superintendent of the Sullivan Correctional Facility (the "State"), opposes the Petition on procedural grounds -- namely that the petitioner's challenge to his conditions of confinement is not cognizable on a petition for habeas corpus -- and on the merits -- that the state court reasonably rejected the petitioner's conditions-of-confinement claim.

After liberally construing the Petition in light of the special solicitude due to pro se litigants, see Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010), the Court dismisses the Petition, without prejudice.

**I.**

In 1991, following a jury trial in the New York State Supreme Court, Kings County, the petitioner was convicted of second-degree murder, first-degree reckless endangerment, second-degree criminal possession of a weapon (two counts), and third-degree criminal possession of a weapon (two counts). Cieprisz Decl. ¶ 2, ECF No. 53. The petitioner was sentenced to an aggregate term of imprisonment of 47 and one-half years-to-life. See id. The petitioner appealed to the Appellate Division, Second Department, which, on March 27, 1995, unanimously affirmed his conviction and sentence. See State Opp'n 3, ECF No. 52; see also People v. Figueroa, 625 N.Y.S.2d 49 (App. Div. 1995). On May 19, 1995, the New York Court of Appeals denied the

petitioner leave to appeal. See State Opp'n 3; see also People
v. Figueroa, 653 N.E.2d 628 (N.Y. 1995).

On February 22, 2000, the petitioner filed his first
section 2254 habeas petition, challenging his conviction on
various grounds. See First State Rec. 192, ECF No. 23-2
(Figueroa v. Walsh, No. 00-cv-1160 (E.D.N.Y. Feb. 1, 2001)). On
February 1, 2001, Judge Garaufis denied the petition in full for
the following reasons. First, neither the verdict sheet, the
indictment, nor the jury instructions were constitutionally
defective or unfairly prejudiced the jury's findings. See id.
198-201, 206, 214-15. The trial judge found that trial testimony
against the petitioner was not obtained by governmental
misconduct, and that finding was entitled to deference. See id.
201-02. Additionally, the petitioner did not demonstrate
ineffective assistance of trial counsel, see id. 202-04, or
ineffective assistance of appellate counsel, see id. 204-06. The
petitioner's Fifth Amendment right against self-incrimination
was not violated, see id. 206-10, and there were no Brady
violations for failure to disclose three pieces of allegedly
exculpatory evidence, see id. 210-13. Furthermore, the Appellate
Division did not err in rejecting the petitioner's claims about
the trial court's conduct, see id. 213-15, or the Confrontation
Clause, see id. 215-17. Finally, the issues the petitioner
raised with regards to evidentiary rulings and the prosecution's

remarks did not violate the petitioner's right to a fair trial.
See id. 217. The Court of Appeals for the Second Circuit
dismissed the petitioner's appeal. See Keller Decl. ¶ 2, ECF No.
23. The petitioner has continued to file challenges to his
conviction in the Eastern District of New York, all of which
have been denied. State Mem. 5 n.2, ECF No. 21; see also State
Opp'n 4.

On April 13, 2020, the petitioner filed this section 2254
habeas petition, this time seeking release because of COVID-19.
Pet., ECF No. 1. On June 5, 2020, the State filed a response to
the Petition together with the declaration of Matthew B. Keller,
Esq., Keller Decl., ECF No. 23, the state record, First State
Rec., ECF No. 23-1, and a memorandum of law in opposition to the
Petition, State Mem., ECF No. 21.

On June 25, 2020, this Court stayed this action until
December 18, 2020, to allow the petitioner to exhaust his state
court remedies. ECF No. 30. The Court continued the stay on
February 4 and 22, 2021, after the parties advised the Court
that the petitioner had not yet met the exhaustion requirement.
ECF Nos. 36, 38.

In April 2020, the petitioner filed a habeas petition under
article 70 of New York's Civil Practice Law and Rules in the New
York State Supreme Court, Sullivan County. Cieprisz Decl. ¶ 4.
The petitioner alleged similar claims to those alleged in this

Petition, namely that the high risk of complications from COVID-19 in light of his health conditions made his confinement during the pandemic unconstitutional. See id. The state court denied the petition on July 8, 2020, see id. ¶ 5, based on the Appellate Division's decision in People ex rel. Carroll v. Keyser, 125 N.Y.S.3d 484 (2020), that had denied a habeas petition by an inmate at the same facility around the same time. The petitioner appealed the denial, and the Appellate Division, Third Department, denied the appeal on the merits. See People ex rel. Figueroa v. Keyser, 145 N.Y.S.3d 663 (2021). The Appellate Division found that the "[p]etitioner failed to meet his burden of demonstrating that his detention at SCF was illegal." Id. at 665. "Although petitioner may have arguably established that, objectively, he was incarcerated under conditions posing a substantial risk of serious harm based upon the spread of COVID-19 among SCF inmates and staff and his claimed medical conditions," the Appellate Division "d[id] not reach that determination[.]" Id. at 666. This was because the petitioner "failed to demonstrate the second, subjective element of an Eighth Amendment claim . . . that prison officials failed to protect him thereby exhibiting deliberate indifference to that risk, which requires a showing similar to criminal recklessness." Id. In support of this finding, the Appellate Division cited the State's sworn affidavits -- similar to the

one submitted in <u>People ex rel. Carroll v. Keyser</u> -- detailing
extensive protocols and preparedness measures to stop the
introduction and transmission within the facility of the
coronavirus, and the fact that all twenty-three inmates who had
tested positive had since recovered. <u>See</u> <u>id.</u> Although the
Appellate Division considered the petitioner's "conten[tion]
that social distancing and other protective and hygiene
protocols were difficult if not impossible to maintain in the
prison setting, and that adequate protective equipment was not
consistently supplied or used[,]" it found that the
"petitioner's allegations failed to demonstrate that prison
officials disregarded the risks posed by COVID-19 or exhibited
deliberate indifference as required to establish a violation of
the Eighth Amendment . . . ." <u>Id.</u> Finally, the Appellate
Division denied the petitioner's substantive due process claims
under the Fifth and Fourteenth Amendments, holding that "if a
constitutional claim is covered by a specific constitutional
provision, such as the Eighth Amendment, the claim must be
analyzed under the standard appropriate to that specific
provision, not under the rubric of substantive due process[.]"
<u>Id.</u> at 667. The New York Court of Appeals denied leave to
appeal. Cieprisz Decl. ¶ 5; <u>see also</u> <u>People ex rel. Figueroa v.
Keyser</u>, 73 N.E.3d 428 (N.Y. 2021).

On September 22, 2021, the parties notified the Court that the petitioner had exhausted his state court remedies, and the Court ordered the State to respond to the petition and the petitioner to reply. ECF No. 44. On November 22, 2021, the State filed a response to the Petition together with the declaration of Margaret A. Cieprisz, Esq., Cieprisz Decl., ECF No. 53, the second state record, Second State Rec., ECF No. 53-1, and a second memorandum of law in opposition to the Petition, State Opp'n, ECF No. 52. The petitioner filed various additional materials including a December 20, 2021 letter citing additional conditions at the facility, ECF No. 66; what appears to be a letter in response to the State's opposition, ECF No. 71; a letter requesting the Court to order the State to disclose certain records, ECF No. 68, and a motion for an evidentiary hearing on those records, ECF No. 70; and a motion for leave to file a new complaint, ECF No. 69, and an amended complaint, ECF No. 72.

## II.

### A.

As an initial matter, the petitioner has now met the exhaustion requirement for consideration of his habeas petition under 28 U.S.C. § 2254. Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in

order for the writ to be granted."[1] McCray v. New York, 573 F.
App'x 22, 23 (2d Cir. 2014) (citing 28 U.S.C. § 2254(b)(1)(A));
see also Landy v. Costello, 141 F.3d 1151, 1151 (2d Cir. 1988)
("[F]ailure to exhaust would, of course, bar habeas relief.").
"Exhaustion of state remedies requires that a petitioner fairly
present federal claims to the state courts in order to give the
state the opportunity to pass upon and correct alleged
violations of its prisoners' federal rights." McCray, 573 F.
App'x at 23. To fulfill the exhaustion requirement, a petitioner
must have presented the substance of his federal claims "to the
highest court of the pertinent state." Bossett v. Walker, 41
F.3d 825, 828 (2d Cir. 1994). In New York, a petitioner may
exhaust his claims by filing a direct appeal to the relevant
Appellate Division and seeking leave to appeal to the New York
Court of Appeals. Olsen v. Doldo, No. 16-cv-5366, 2020 WL
685707, at *16 (S.D.N.Y. Jan. 2, 2020), report and
recommendation adopted, No. 16-cv-5366, 2020 WL 635605 (S.D.N.Y.
Feb. 11, 2020).

This case was stayed to ensure that the petitioner had
exhausted his state court remedies, which the petitioner has now
done. In April 2020, the petitioner filed a habeas petition

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all internal alterations, citations, footnotes, and quotation
marks in quoted text.

under article 70 of New York's Civil Practice Law and Rules in the New York State Supreme Court, Sullivan County, alleging similar claims to those alleged in this Petition. Cieprisz Decl. ¶ 4. The state court denied the petition on July 8, 2020. <u>See</u> <u>id.</u> ¶ 5. The petitioner appealed the denial, and the Appellate Division, Third Department, denied the appeal on the merits. <u>See</u> <u>id.</u>; <u>see also</u> <u>People ex rel. Figueroa v. Keyser</u>, 145 N.Y.S.3d 663 (2021). The New York Court of Appeals denied leave to appeal. Cieprisz Decl. ¶ 4; <u>see also</u> <u>People ex rel. Figueroa v.</u> <u>Keyser</u>, 73 N.E.3d 428 (N.Y. 2021). Accordingly, the petitioner has exhausted his state court remedies.

### B.

The State argues that the Petition's claims, which address the petitioner's conditions of confinement, are not properly brought in a section 2254 petition, but rather should have been brought in an action pursuant to 42 U.S.C. § 1983. <u>See</u> State Opp'n 13-24. The Court declines to dismiss the Petition on these grounds.

While the State correctly points out that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004), it is not clear that section 1983 is the sole remedy for all claims addressing conditions of confinement, particularly when the petitioner seeks release or transfer from his current

prison. Indeed, the Court of Appeals for the Second Circuit has noted that the Supreme Court has "reserved the question whether habeas might also be available to attack prison conditions." Williams v. Ward, 556 F.2d 1143, 1150 n.3 (2d Cir. 1977); see Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("This is not to say that habeas corpus may not also be available to challenge such prison conditions.").

In light of this uncertainty, the Court of Appeals for the Second Circuit has held that both habeas petitions and section 1983 actions may address conditions of confinement, especially where the petitioner seeks transfer to a different facility. See Abdul-Hakeem v. Koehler, 910 F.2d 66, 69-70 (2d Cir. 1990) (rejecting habeas as exclusive remedy and holding claim cognizable under section 1983); Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984) ("[H]abeas is the appropriate action to challenge conditions of confinement where the prisoner seeks to be moved in order to remedy past constitutional violations.").

District courts in this Circuit have come to varying conclusions as to whether a section 2254 habeas corpus petition or a section 1983 action is the proper vehicle for those seeking to challenge the conditions of their confinement who seek release from custody due to the COVID-19 pandemic. See, e.g., Acevedo v. Capra, 545 F. Supp. 3d 107, 118 (S.D.N.Y. 2021) (finding no basis for habeas claim and holding that "when a

10

prisoner challenge[s] the conditions of his confinement he must
do so in an action under 42 U.S.C. § 1983"), appeal dismissed
sub nom. Bowman v. Capra, No. 21-cv-1822, 2023 WL 4339502 (2d
Cir. July 5, 2023); Steward v. Wolcott, No. 20-cv-6282, 2020 WL
2846949, at *4 n.5 (W.D.N.Y. June 2, 2020) (holding that the
petitioner's claim seeking release from custody based on his
conditions of confinement must be brought under section 2254 and
noting that section 1983 does not afford claimants the
opportunity to seek release from custody); Elleby v. Smith, No.
20-cv-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020)
(acknowledging the split of authority, recognizing the absence
of any Second Circuit Court of Appeals opinion on point, and
declining to dismiss the petitioner's habeas petition on these
grounds); Slater v. Keyser, No. 20-cv-3012, 2020 WL 4016759, at
*3 (S.D.N.Y. July 16, 2020) (same).

This Court similarly reserves decision on this unresolved
legal question because, as was the case in Elleby, 2020 WL
2611921, at *3, there is an independent and more significant
ground on which to dismiss this Petition. In this case, the
petitioner has failed to establish a claim to habeas relief.

### C.

As the state courts have found, there is no merit to the
petitioner's Eighth Amendment claims. Pursuant to the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

a federal court may grant habeas corpus relief on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see also Knowles v. Mirzayance, 556 U.S. 111, 121-23 (2009).

A state court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision involves "an unreasonable application of . . . clearly established Federal law" when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. To meet that standard, "the state court decision [must] be more than incorrect or erroneous;" it "must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "[I]t is well established in [this] [C]ircuit that the objectively

12

unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2003).

In this case, the Appellate Division reasonably concluded that the petitioner had established no Eighth Amendment violation. First, the decision was neither contrary to nor involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. See Williams, 529 U.S. at 405-08; Cotto, 331 F.3d at 248. The Supreme Court has held that in order to establish a violation of the Eighth Amendment based on conditions of confinement, a petitioner must establish two elements: "[an] objective factor[,] . . . whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk" as well as "[a] subjective factor, deliberate indifference, . . . determined in light of the prison authorities' current attitudes and conduct . . . ." Helling v. McKinney, 509 U.S. 25, 36 (1993). That is precisely the legal standard that the Appellate Division applied. The Appellate Division found that, although the petitioner may have established the objective element, it did not reach that determination because the petitioner "failed to demonstrate the

second, subjective element of an Eighth Amendment claim . . .
that prison officials failed to protect him thereby exhibiting
deliberate indifference to that risk[.]" People ex rel. Figueroa
v. Keyser, 145 N.Y.S.3d at 666.

Additionally, the decision was based on a reasonable
determination of the facts in light of the evidence presented.
See Knowles, 556 U.S. at 121-23. "In a proceeding instituted by
an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court, a
determination of a factual issue made by a State court shall be
presumed to be correct[;] [t]he applicant shall have the burden
of rebutting the presumption of correctness by clear and
convincing evidence." 28 U.S.C. § 2254(e)(1); see also Nelson v.
Walker, 121 F.3d 828, 833 (2d Cir. 1997). In this case, the
Appellate Division reviewed evidence submitted by both sides. It
considered the State's "sworn affidavit . . . detailing the
extensive protocols and preparedness measures in place . . . to
stop the introduction of the novel coronavirus into and its
transmission within the facility." People ex rel. Figueroa v.
Keyser, 145 N.Y.S.3d at 666. It also considered the petitioner's
affidavits and submissions "contend[ing] that social distancing
and other protective and hygiene protocols were difficult if not
impossible to maintain in the prison setting, and that adequate
protective equipment was not consistently supplied or used." Id.

14

The petitioner's disagreement with the factual findings of the Appellate Division does not rebut the presumption of correctness by clear and convincing evidence. In light of the evidence, the Appellate Division reasonably determined that "petitioner's allegations failed to demonstrate that prison officials disregarded the risks posed by COVID-19 or exhibited deliberate indifference as required to establish a violation of the Eighth Amendment or entitlement to immediate release on this basis." Id.

Because the New York state courts' decisions on the petitioner's state habeas petition were neither contrary to clearly established Federal law nor based on an unreasonable determination of the facts in light of the evidence presented, this Court must defer to the state courts' resolution of the petitioner's Eighth Amendment claim.

## II.

Subsequent to filing the current Petition, the petitioner has submitted papers that challenge the petitioner's underlying conviction and request discovery. This Court cannot consider those issues because they amount to a second or successive challenge to the petitioner's underlying conviction, rather than the conditions of his confinement.

**A.**

To the extent that the petitioner seeks to challenge his underlying conviction, that would be a successive habeas petition that this Court does not have jurisdiction to consider.

A habeas petition is considered second or successive if, "in a broad sense," it attacks the same judgment as a prior habeas petition. Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003). "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007); accord N.Y. Crim. Proc. Law § 1.20(15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."). A habeas petition is "'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

In this case, the Petition itself, challenging the conditions of the petitioner's confinement, see Pet., is not a successive petition because it does not challenge his underlying conviction. However, in subsequent filings, the petitioner raises issues that, if raised in a habeas petition, would render that habeas petition a successive petition. For example, the petitioner alleges Brady violations that occurred in 1990, before he was convicted and sentenced to the sentence that he is now serving. See Pet.'s Appl. to Appoint Counsel ¶ 6, ECF No.

16

45. In his motion for leave to file a new complaint, the petitioner mentions "wrongful convictions" and alludes to "an evidentiary hearing" for "[e]vidence support[ing] a petitioner's actual innocence" and "potentially innocent pro-se petitioners." ECF No. 69. These arguments concern the same judgment -- that is, the petitioner's 1991 conviction and sentence -- that the petitioner's 2000 habeas petition in the Eastern District of New York challenged. Moreover, the petitioner does not contend that he could not have raised the arguments in his 2000 petition, where he raised no fewer than ten grounds to challenge his conviction, including several alleged Brady violations. Judge Garaufis denied each of those grounds. See First State Rec. 198-217 (Figueroa v. Walsh, No. 00-cv-1160 (E.D.N.Y. Feb. 1, 2001)).

"AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003). Therefore, "a district court must transfer uncertified successive motions to [the court of appeals] pursuant to 28 U.S.C. § 1631, the provision authorizing transfer to cure want of jurisdiction" before it can consider the petition. Id. at 151-52. Thus, if the petitioner intends to challenge his underlying conviction, the Court could not consider that petition, and would be required to transfer it to the Court of Appeals. See, e.g., Cosey v. Lilley, 368 F. Supp. 3d 671, 673-74

(S.D.N.Y. 2019). If the petitioner seeks to challenge his underlying conviction, he must seek permission from the Court of Appeals for the Second Circuit.

**B.**

The petitioner also appears to seek discovery. Discovery is not generally available in habeas corpus proceedings. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). To obtain discovery in a proceeding brought under 28 U.S.C. § 2254, the petitioner must show good cause. See id. Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Drake v. Portundo, 321 F.3d 338, 345 (2d Cir. 2003).

The petitioner has not shown good cause to obtain discovery. The petitioner "request[s] that this . . . Court intervene . . . [with] regard to a failure of disclosure by the Kings County District Attorney's Office" of "DD-5 reports numbered 176 and 197, . . . which [may] reveal known exculpatory evidence which . . . [n]either . . . trial counsel nor [petitioner] was aware of[.]" Pet.'s Appl. to Appoint Counsel ¶ 6, ECF No. 45. These facts are unrelated to whether the petitioner would be entitled to relief under this COVID-19-related Petition. Cf. Hotton v. United States, No. 12-cr-825, 2019 WL 1932537, at *5 (S.D.N.Y. May 1, 2019). Rather, the

18

petitioner appears to seek this evidence to challenge his underlying conviction, which is not at issue in the current Petition that only challenges his conditions of confinement. Accordingly, the petitioner has not established good cause to obtain the discovery that he seeks.

### CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are moot or without merit. The Petition is **denied** without prejudice to the petitioner's ability to seek permission from the Court of Appeals to file a second or successive petition challenging his underlying conviction. The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

**SO ORDERED.**

Dated:     **New York, New York**
           **October 17, 2023**

_John G. Koeltl_
**John G. Koeltl**
**United States District Judge**